| STATE OF LOUISIANA | * | NO. 2024-KA-0385 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| CHRISTOPHER WHITE | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

RLB

**BELSOME, C.J., CONCURS IN PART; DISSENTS IN PART**

I concur in part and dissent in part. I agree with this Court upholding the convictions for second-degree murder and human trafficking. I depart from the majority's decision to vacate the charge for obstruction of justice.

On appellate review, "[i]t is not the function of the appellate court to assess the credibility or reweigh the evidence." *State v. Ramirez-Delgado*, unpub. 24-119, p. 5 (La. App. 5 Cir. 12/18/24), 2024 WL. Under the *Jackson* Standard, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any trier of fact could have found essential elements of the crime beyond a reasonable doubt. *State v. Alexander*, 23-540, p. 10 (La. App. 4 Cir. 4/23/24), 401 So. 3d 105, 113. Juries have "broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts." *Coleman v. Johnson*, 566 U.S. 132, S.Ct. 650, 655 (2012).

There was sufficient circumstantial evidence presented at trial from which a rational trier of fact could have concluded that White had the intent necessary to interfere with a police investigation. The majority finds that White's actions did not warrant a conviction for obstruction of justice. In doing so, they rely on a rigid

application of *State v. Scott*[1], treating the absence of affirmative acts in that case as a benchmark for determining intent in this one.[2] I find that importing the facts of *Scott* to establish a minimum threshold for obstruction in this case gives rise to an untenable standard.

Our jurisprudence has established that leaving a crime scene with the murder weapon, by itself, does not always establish the knowledge or "specific intent of distorting the results of any criminal investigation" needed to support an obstruction of justice conviction.[3] In this case, the State presented additional evidence of obstruction. White not only left the scene with the murder weapon, he fled the jurisdiction, crossing state lines into Florida. The murder weapon was never recovered. A jury found that in light of these circumstances, it was reasonable to infer that White never intended to participate in a lawful investigation. We should not disturb this finding.

Accordingly, I find that the evidence was sufficient to support the conviction for obstruction of justice. For these reasons, I concur in part and dissent in part.

---

[1] *State v. Scott*, 23-0022, (La. App. 4 Cir. 8/30/23), 372 So. 3d 42

[2] In mirroring the exact scenario in *Scott*, the majority notes that in order to find intent, White would have had to "collect projectiles" that came from the shots he fired; "obscure" the various surveillance camera angles that captured the shooting; and also eliminate witnesses on the scene.

[3] La. R.S. 14:130.1